UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN WOODS,

      Plaintiff,                           Civil Action No. 2:11-CV-11989

v.                                       HONORABLE GERALD E. ROSEN
                                          CHIEF UNITED STATES DISTRICT JUDGE

CRISTY CLOCUM,

      Defendant,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Before the Court is Plaintiff Kevin Woods' *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Kinross Correctional Facility in Kincheloe, Michigan. For the reasons stated below, the complaint is **DISMISSED WITHOUT PREJUDICE.**

### II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  Complaint

Plaintiff alleges that the defendant, the 23rd Circuit Court Administrator, has refused to provide him with his trial transcripts and other records from his criminal conviction, which he has requested so that he can file a post-conviction motion for relief from judgment to challenge his criminal convictions. Plaintiff seeks an order directing the defendant to provide plaintiff with the transcripts from his criminal case.

### IV.  Discussion

Plaintiff's complaint is subject to dismissal for several reasons. First, as a general rule, a criminal defendant has no federal constitutional right to a transcript to prepare a post-conviction proceeding. *Rickard v. Burton,* 2 Fed. Appx. 469, 470 (6th Cir. 2001)(*citing to Ruark v. Gunter,* 958 F. 2d 318, 319 (10th Cir. 1992); *United States v. MacCollom,* 426 U.S. 317, 325-26 (1976)).

Secondly, plaintiff's 1983 lawsuit must be dismissed because plaintiff seeks his trial court transcripts in order to file a post-conviction motion in order to attack his criminal conviction. Where a state prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A plaintiff cannot seek injunctive relief relating to his criminal conviction in a § 1983 action. *Nelson v. Campbell,* 541 U.S. 637, 643 (2004). Instead, "§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence." *Id.* Moreover, to recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994)*.*

Courts have held that a plaintiff cannot seek relief under Section 1983 to obtain his or her trial transcripts, where the plaintiff's basis for doing so is to facilitate an attack on his or her criminal conviction. *See Spence v. Hood,* 170 Fed. Appx. 928, 930 (5th Cir. 2006); *Scruggs v. Moellering*, 870 F. 2d 376, 379 (7th Cir. 1989); *Boone v. Weizel,* 917 F. Supp. 518, 520 (N.D. Ohio 1996). What plaintiff is essentially doing is using his § 1983 claim "to set the stage for a future attack on his confinement" for his criminal convictions and his claim is therefore effectively one that should be brought in a petition

3

for writ of habeas corpus. *See Harvey v. Horan,* 278 F. 3d 370, 378 (4th Cir. 2002). Because plaintiff seeks his trial transcripts and other documents for the purpose of attacking his criminal conviction, he cannot maintain a Section 1983 to do so.

To the extent that plaintiff is seeking to be released from custody, his action should have been filed as a petition for a writ of habeas corpus and not a civil rights suit under § 1983. This Court, however, declines to construe plaintiff's civil rights complaint as a habeas petition because plaintiff does not allege that his claims have been exhausted with the state courts, nor does the complaint comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. *See Parker v. Phillips,* 27 Fed. Appx 491, 494 (6th Cir. 2001). Moreover, any habeas petition would be subject to dismissal because plaintiff has failed to name the appropriate state official as the respondent. *See Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Finally, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004). Therefore, because the Court is dismissing plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *See e.g. Finley v. Densford,* 90 Fed. Appx. 137, 138 (6th Cir. 2004).

Finally, because plaintiff's complaint lacks any arguable basis in the law, this

Court certifies that any appeal by the plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)).

## V.  ORDER

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

                              s/Gerald E. Rosen                              
                              Chief Judge, United States District Court

Dated:  May 18, 2011


I hereby certify that a copy of the foregoing document was served upon Kevin Woods, #596102, Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788 on May 18, 2011, by ordinary mail.

                              s/Ruth A. Gunther                       
                              Case Manager